Amy P. Lally, SBN 198555
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Tel: (310) 595-9500
Fax: (310) 595-9501

Stacy Horth-Neubert, SBN 214565
shorthneubert@sidley.com
Marissa X. Hernandez, SBN 341449
marissa.hernandez@sidley.com
SIDLEY AUSTIN LLP
555 W. 5th Street, Suite 4000
Los Angeles, CA 90013
Tel: 213-896-6000
Fax: 231-896-6600

*Attorneys for Defendant Grubhub Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE SZNITKO, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRUBHUB INC., and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 2:22-cv-07318<br><br>**DEFENDANT GRUBHUB INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>State Action Filed: August 29, 2022<br>State Action Served: September 7, 2022 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant GRUBHUB INC. ("Grubhub" or "Defendant") hereby removes to this Court the above-styled action, pending as Case No. 22STCV28148 in the Superior Court of California for the County of Los Angeles (the "Action"). As grounds for removal, Grubhub states as follows:

### PRELIMINARY STATEMENT

1. On August 29, 2022, Plaintiff Denise Sznitko filed the Action in the Superior Court of California for the County of Los Angeles. The Complaint claims that "Grubhub imposes hidden delivery charges on its users" by charging a "Service Fee" and by "secretly mark[ing] up food prices for delivery orders only by 15-20%". Complaint ¶¶ 3-5. Plaintiff asserts claims for: (1) violation of California's Unfair Competition Law; (2) violation of California's Consumer Legal Remedies Act ("CLRA"); and (3) violation of California's False Advertising Law. *Id*. at ¶¶ 78-109. Plaintiff's Complaint asserts claims on behalf of herself and "[a]ll consumers in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food delivery through the Grubhub mobile app or website, and were assessed higher delivery charges than represented." *Id*. at ¶ 68.

2. This Action is a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) ("Class Action Fairness Act" or "CAFA"), and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453. This Action (i) seeks relief on behalf of a purported class of persons; (ii) in which at least one member is a citizen of a state different from that of Defendant; (iii) the number of affected people is not less than 100; and (iv) the amount allegedly in controversy exceeds $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B). Grubhub generally denies the allegations made

by Plaintiff, disputes the claims asserted by Plaintiff, and disputes that Plaintiff is entitled to any relief on an individual or class-wide basis. Grubhub discusses the allegations and claims made by Plaintiff herein solely to demonstrate the propriety of removal.

## CAFA ELEMENTS

3. CAFA provides for original federal jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A).

4. <u>Covered Class Action</u>. A case satisfies CAFA's class action requirement if it is "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The present action satisfies this definition, as Plaintiff's suit is brought "on behalf of herself and a Class of similarly situated persons," including those who "ordered food delivery through the Grubhub mobile app or website, and were assessed higher delivery charges than represented." Compl. ¶ 68. The Complaint itself is also styled as a "Class Action Complaint," and contains an entire section devoted to "Class Allegations." *Id.* at ¶¶ 68-77.

5. <u>Diversity</u>. The diversity requirement of § 1332(d) is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."

    a. The citizenship of a corporation for purposes of determining diversity jurisdiction is based on the place of incorporation and the principal place of business. 28 U.S.C. § 1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009). Here, this requirement is met as there is complete diversity of citizenship between named Plaintiff and Grubhub. Grubhub is a corporation organized and existing under the laws of Delaware with its principal place of business in Chicago,

Illinois. Compl. ¶ 15. Accordingly, Grubhub is a citizen of Delaware and Illinois.

    b. Plaintiff "is a citizen of the State of California who resides in the City of West Hollywood, County of Los Angeles, State of California." *Id*. at ¶ 14. Thus, at least one member of the class of plaintiffs is a citizen of a state (California) different from that of Defendant (Delaware and Illinois).

6. <u>The Proposed Class Allegedly Exceeds 100 Members</u>. Plaintiff alleges in her Complaint that the total number of class members are "well into the thousands." *Id*. at ¶ 70. It is beyond question that there are more than one hundred Grubhub customers in California alone who have ordered food delivery through the Grubhub mobile app or website. Declaration of TJ Koreis ("Koreis Decl.") ¶ 3. As discussed *infra* ¶ 7(a), Plaintiff's Complaint seeks damages on behalf of herself and a putative class of "[a]ll consumers in California." Compl. ¶ 68. Thus, based on Plaintiff's own allegations, the CAFA jurisdictional requirement regarding the size of the putative class is satisfied.

7. <u>Amount in Controversy</u>. CAFA requires that the "aggregate[]" "matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (6). Removal is proper if it is demonstrated, "by a preponderance of evidence, that the aggregate amount in controversy exceeds" $5,000,000. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The amount in controversy is determined by accepting Plaintiff's allegations as true. *See, e.g.*, *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) ("[T]he amount in controversy is met by the express allegations of the plaintiff's complaint."); *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.").

8. While Grubhub denies Plaintiff is entitled to any of the relief sought in

the Complaint, the relief that Plaintiff seeks through restitution, damages, injunctive relief, and attorneys' fees exceeds CAFA's $5,000,000 amount-in-controversy requirement.

    a. <u>Restitution</u>. Plaintiff seeks to represent "[a]ll consumers [of Defendant's delivery services] who…ordered food delivery through the Grubhub mobile app or website, and were assessed higher delivery charges than represented," Compl. ¶ 68, and prays for "an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above." Prayer for Relief ¶ c. In 2020 alone, just one year of the limitations period, the number of delivery orders placed via the Grubhub mobile app or website by customers in California exceeded 5 million. *See* Koreis Decl. ¶ 3. Plaintiff alleges Grubhub charged a service fee with taxes that collectively "amounts to…15% of the food order amount" and that food prices were 15–20% higher than in-restaurant prices. Compl. ¶¶ 3-5. Therefore, even de minimis recovery of $1 per order would exceed $5,000,000 for 2020 alone.

    b. <u>Injunctive Relief</u>. Costs of compliance with an injunction are relevant in ascertaining whether the amount in controversy is satisfied. *See* 28 U.S.C. § 1332(d) (excluding only interest and costs from the aggregated amount in controversy); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Plaintiff seeks an order "enjoining Defendant from continuing to engage" in the alleged misconduct. Compl. ¶¶ 94, 107; *see also* Prayer for Relief ¶ a. An injunction would impose additional costs on Grubhub to the extent it would be required to change its terms of service or revise promotional materials and other sales-related materials.

    c. <u>Attorneys' Fees</u>. Finally, Plaintiff is seeking an award of attorneys' fees under the CLRA. Prayer for Relief ¶ f. An award of attorneys' fees, if such fees are specifically authorized by statute, may be considered for purposes

of calculating the amount in controversy. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Here, if Plaintiff and/or the class succeeds on the CLRA claim, recovery of attorneys' fees may be statutorily authorized. *See* Cal. Civ. Code § 1780(e). A potential award of attorneys' fees further increases the amount in controversy.

For the reasons explained above, the estimated amount in controversy in the instant action (for restitution, damages, injunctive relief, and attorneys' fees) exceeds $5,000,000. This amount satisfies CAFA's $5,000,000 amount-in-controversy requirement based on the allegations in Plaintiff's Complaint.

9. <u>No CAFA Exceptions</u>. This case does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Grubhub is not a citizen of California, the state in which the action originally was filed, and no other exclusion applies.

## REMOVAL IS OTHERWISE PROCEDURALLY PROPER

10. <u>Removal is Timely</u>. Plaintiff served Grubhub on September 7, 2022. Lally Decl. ¶ 2. Thus, this Notice of Removal is timely, as the 30-day period for removal has not expired.

11. <u>Removal to Proper Court</u>. This Court is part of the "district and division embracing the place where" the State Court Action was filed – Los Angeles County, California. 28 U.S.C. § 1441(a).

12. <u>Pleadings and Process</u>. Pursuant to 28 U.S.C. § 1446(a), attached hereto is "a copy of all process, pleadings, and orders served upon" Grubhub.

13. <u>Filing and Service</u>. A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of California for the County of Los Angeles, and is being served on all counsel of record, consistent with 28 U.S.C. § 1446(d). The Superior Court of California for the County of Los Angeles is located within this district.

14. <u>Arbitration</u>. Grubhub reserves any and all contractual right to require

arbitration of this controversy. This Notice of Removal is filed without prejudice to the exercise of such contractual right.

15. WHEREFORE, Grubhub respectfully removes this action, now pending in the Superior Court of California for the County of Los Angeles, to the United States District Court for the Central District of California.

Dated: October 7, 2022                     SIDLEY AUSTIN LLP

By: /s/ *Amy P. Lally*
    Amy P. Lally
    Stacy Horth-Neubert
    Marissa X. Hernandez

*Attorneys for Defendant Grubhub Inc.*